UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARINA PALJUSEVIC and MARKO
PALJUSEVIC,

        Case No. 09-13659

Plaintiffs,

vs.         Hon. Victoria A. Roberts

MICK DEDVUKAJ, District Director
United States Citizenship and Immigration
Services; REBECCA ADDUCCI, Detroit
Acting Field Office Director, Immigration
and Customs Enforcement; ALEJANDRO
MAYORKAS, Director, United States
Citizenship and Immigration Services,
JANET NAPOLITANO, Secretary,
Department of Homeland Secretary,

Defendants.

_____

**ORDER DENYING EMERGENCY MOTION FOR STAY OF REMOVAL**

**I.   INTRODUCTION**

This matter is before the Court on Plaintiffs' Emergency Motion for Stay of Removal [Doc. 1]. Defendants filed a Response. Because the Court concludes that it lacks jurisdiction, the Motion is **DENIED**.

**II.   BACKGROUND**

Plaintiff Marko Paljusevic, a native and citizen of the former Yugoslavia, entered the United States in 1994, at age 16. He was denied admission because he presented fraudulent entry documents at the port of entry, but the Government paroled him into the

1

country to attend exclusion proceedings. An Immigration Judge ordered him excluded *in absentia* on August 15, 1994, after he failed to appear in court. He has remained in the country illegally since that time.

On February 26, 1998, Marko Paljusevic married Plaintiff Marina Paljusevic, a United States citizen. Marina and Marko Paljusevic have three children together and have been married for 11 years.

On May 15, 2009, Marko Paljusevic was apprehended by Immigration and Customs Enforcement (ICE) agents and taken into custody for execution of the 1994 exclusion order. On August 3, 2009, Marina Paljusevic filed a Form I-30, "Petition for Alien Relative," on behalf of her husband. Marko Paljusevic concurrently filed a Form I-485, "Application to Adjust Status" to lawful permanent resident, as well as a Form I-601, "Waiver of Inadmissibility" because of his presentation of fraudulent entry documents.

ICE obtained travel documents from Montenegro for Marko Paljusevic and plans to proceed with his removal. Plaintiffs ask this Court to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate their applications and to stay the Order of Removal while the applications are pending.

### III. ANALYSIS

#### A. Jurisdiction

Plaintiffs assert jurisdiction based on: (1) the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361; (2) the Administrative Procedures Act ("APA"), 5 U.S.C. § 704 and § 505; and (3) the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 *et seq.*.

USCIS argues that amendments to the Immigration and Nationality Act, effected

by the REAL ID Act of 2005, 8 U.S.C. § 1252 *et seq.*, strip this Court of jurisdiction over Plaintiffs' motion. Section 1252(g) states:

> Exclusive jurisdiction. Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory) . . . , no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g).

USCIS contends that Plaintiffs' complaint is actually a challenge to the execution of Mr. Paljusevic's exclusion order. Plaintiffs respond that they do not challenge the validity of the exclusion order, or ICE's authority to execute it. However, they contest the decision to execute the order while his properly-filed, adjustment-of-status petition is pending. Plaintiffs rely on *Mustata v. U.S. Dep't of Justice*, 179 F.3d 1017 (6th Cir. 1999).

In *Mustata*, the petitioners entered the United States legally and applied for asylum. *Id.* at 1019. On advice of counsel, however, they withdrew their application and agreed to depart voluntarily. *Id.* The day before the deadline for voluntary departure, the Mustatas petitioned for habeas corpus under 28 U.S.C. § 2241, claiming they received ineffective assistance of counsel in violation of their Fifth Amendment due process and Sixth Amendment rights. *Id.* The district court held 8 U.S.C. § 1252(g) deprived it of jurisdiction over their claims, and the Mustatas appealed.

The Sixth Circuit reversed, holding the complaint did not challenge a decision to execute a removal order. *Id.* at 1022. The Court reasoned: "[t]he substance of [the Mustatas'] claim is that their counsel's failure to investigate and present relevant

3

evidence resulted in a violation of their due process rights.  *Whether or not the Attorney General executes a removal order against the Mustatas is immaterial to the substance of this claim.*"  *Id.* at 1023 (emphasis added).  Thus, the court was not deprived of jurisdiction.

Contrary to *Mustata*, whether or not ICE executes the removal order is entirely material to Plaintiffs' claim.  Plaintiffs' complaint states that if Mr. Paljusevic is deported, USCIS will lose jurisdiction over his application for adjustment of status, and thus his APA claim for failure to timely process his I-130 and I-485 petitions will become moot.  This is so because an alien outside of the United States cannot apply for adjustment of status. 8 C.F.R. § 245.2(a)(4)(ii).

The Government argues that the Court lacks jurisdiction to grant a stay because Plaintiffs' request arises from, and is deeply intertwined with "action[s] taken or proceeding[s] brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9).  The Government cites *Benitez v. Dedvukaj*, 2009 U.S. Dist. LEXIS 80616 (E.D. Mich., Sept. 4, 2009) in which Chief Judge Rosen ruled that the court lacked jurisdiction to grant a stay of a removal order.

In *Benitez*, plaintiff, a citizen of Argentina, entered the United States in 1991 as a visitor under the Visa Waiver Program ("VWP"). *Id.* at 3.  Plaintiff did not depart within 90 days as required under the VWP, and instead remained in the country illegally. *Id.*  He married a United States citizen and they had one child. *Id.*  Eighteen years after his entry, plaintiff was arrested and detained. *Id.* at 4.  In anticipation of a removal order, plaintiff filed an application to adjust his status to lawful permanent resident. *Id.* at 5.  One week later, he filed a mandamus action asking the court to compel adjudication of

his application and order that his removal be stayed pending the decision. *Id.* The court concluded that under REAL ID Act, jurisdiction was exclusively in the Sixth Circuit Court of Appeals. *Id.* at 9-10.

Plaintiffs attempt to distinguish *Benitez* because the VWP required Benitez to waive his right to contest his removal or apply for relief from removal. However, that fact is immaterial to the substance of their claim. Plaintiffs filed their applications on August 3, 2009, less than 60 days ago, when it became clear that deportation was imminent. Because the removal order is not distinct from Plaintiffs' claim, this Court lacks jurisdiction to stay Mr. Paljusevic's removal or adjudicate any related issues. Jurisdiction lies exclusively in the Sixth Circuit Court of Appeals.

### III. CONCLUSION

Plaintiffs' Emergency Motion for Stay of Removal is **DENIED**. It is further ordered that this case is dismissed with prejudice.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  September 25, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 25, 2009.

s/Carol A. Pinegar  
Deputy Clerk